FILED

2015 JAN 23 PM 3: 12

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

DIANA MEY, individually and on behalf
of a class of all persons and entities
similarly situated,

        Plaintiff,

vs.

HILTON GRAND VACATIONS
COMPANY LLC,

        Defendant.

Case No. 6:15-cv-109-ORL-18-DAB

**Plaintiff's Class Action Complaint
And Demand For Jury Trial**

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff Diana Mey brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2. Ms. Mey alleges that the Defendant, Hilton Grand Vacations Company, LLC ("Hilton"), violated the TCPA by making telemarketing calls to her cellular telephone line without her prior express written consent, despite the fact that Ms. Mey had registered her number on the National Do Not Call Registry.

3. Because the call to Ms. Mey was transmitted using technology capable of generating thousands of similar calls per day, and based on Hilton's history of mass telemarketing campaigns, *see Connelly et al. v. Hilton Grand Vacations Company LLC,*

758894

No.12-00599 (S.D. Cal. 2012), Ms. Mey brings this action on behalf of a proposed nationwide class of other persons who received illegal telephone calls from Hilton.

4.  A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing activity, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.  Plaintiff Diana Mey resides in Wheeling, West Virginia.

6.  Defendant Hilton Grand Vacations Company, LLC, is headquartered in Orlando, Florida.

## Jurisdiction & Venue

7.  The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8.  Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this district.

## TCPA Background

9.  Congress enacted the TCPA in 1991 to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10.  In 2003, Congress created the National Do Not Call Registry. By listing a telephone number on the Registry, an individual can indicate her desire not to receive

telephone solicitations. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

11. The TCPA and its implementing regulations prohibit the initiation of telephone solicitations to numbers listed on the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

12. A person whose number is on the Registry, and who has received more than one telephone solicitation within any twelve-month period by or on behalf of the same entity, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

13. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

### Factual Allegations

14. Hilton sells vacation packages.

15. Hilton uses telemarketing to obtain new customers.

16. On multiple occasions in September of 2013, the Plaintiff received telephone calls from Hilton representatives promoting the sale of vacation packages.

17. The calls were placed to Plaintiff's cellular telephone line, 304-242-XXXX, which at the time had been listed on the National Do Not Call Registry for several years.

18. The Plaintiff did not consent to receive telephone solicitations from Hilton.

## Class Action Allegations

19. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

20. The class of persons Plaintiff proposes to represent is tentatively defined as: all persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of this Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, Hilton Grand Vacations Company LLC.

21. The class is identifiable through phone records and phone number databases.

22. Considering the mass nature of telemarketing, the fact that the technology used in telemarketing is capable of placing thousands of calls per day, and Hilton's history of telemarketing to millions of potential customers, there are thousands of potential class members. Individual joinder of these persons is impracticable.

23. Plaintiff is a member of the class.

24. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether Hilton violated the TCPA by calling individuals on the National Do Not Call Registry;

    b.    Whether Hilton placed calls without obtaining the recipients' prior written consent for the call;

    c.    Whether the Plaintiff and the class members are entitled to statutory damages as a result of Hilton's actions.

25. Plaintiff's claims are typical of the claims of class members. She and all class members assert claims for violations of the same provisions of the TCPA.

26. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

27. Hilton's actions are generally applicable to the class as a whole, and to Plaintiff.

28. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

29. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

30. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call provisions

31. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

32. Plaintiff's telephone number was listed on the National Do Not Call Registry.

33. Plaintiff did not consent to receive telemarketing calls from the Defendant.

34. Plaintiff received more than one telephone solicitation within a twelve-month period, by or on behalf of the Defendant, in violation of the TCPA. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

35. The Defendant's violations were negligent and/or knowing.

### Count Two:
### Injunctive Relief

36. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

37. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

38. The Plaintiff respectfully petitions this Court to order the Defendant, its employees, and its agents to immediately cease engaging in telemarketing activities that violate the TCPA.

### Relief Sought

For herself and all class members, Plaintiff requests the following relief:

1. That Hilton be restrained from engaging future telemarketing activities that violate the TCPA.

2. That Hilton, and its agents or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure.

4. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Demand for Jury Trial**

Plaintiff Diana Mey, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Plaintiff Diana Mey
By Counsel

Robert W. Murphy
Florida Bar # 717223
Law Offices of Robert W. Murphy, Esq.
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
Telephone: (954) 763-8660
rwmurphy@lawfirmmurphy.com

John W. Barrett
BAILEY & GLASSER, LLP
209 Capital Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
*To be admitted Pro Hac Vice*

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*To be admitted Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*To be admitted Pro Hac Vice*